UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CUENTAS,<br><br>   Plaintiff,<br><br>   v.<br><br>P. COVELLO, et al.,<br><br>   Defendants. | No. 2: 21-cv-0252 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Mule Creek State Prison ("MCSP") Warden Covello and Correctional Officer Vovkulin. Plaintiff alleges that defendant Vovkulin allowed inmate Heim to pass out plaintiff's confidential health records on August 25, 2020. Plaintiff alleges that this was not "the first time." Plaintiff alleges that the disclosure of plaintiff's health records makes plaintiff a target for rape by other inmates because the inmates know that plaintiff is negative "in all my blood tests for all sicknesses" Plaintiff alleges that now all rapists know that he does not have HIV or other diseases.

Plaintiff alleges that defendant Vovkulin used threats, intimidation and coercion to stop plaintiff from making this complaint by searching plaintiff's cell and not giving plaintiff receipts.

Plaintiff alleges that defendant Covello let defendant Vovkulin work even after prior complaints were made about defendant Vovkulin.

As legal claims, plaintiff alleges violations of the Health Insurance Portability and Protection Act of 1996 ("HIPPA") and the Eighth and Fourteenth Amendments.

A private cause of action does not exist under HIPPA. United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009). Accordingly, plaintiff's HIPPA claim is dismissed.

Turning to plaintiff's Eighth Amendment claim, plaintiff alleges that disclosure of his negative test results made him a target for rape by other inmates. Plaintiff alleges that inmates now know that he does not have HIV and other diseases. Attached as an exhibit to the complaint is a form dated August 18, 2020, stating that plaintiff tested negative for COVID-19. Based on this exhibit, it appears that plaintiff's claim that defendant Vovkulin allowed another inmate to pass out plaintiff's confidential health records on August 25, 2020, is based on the form stating that plaintiff tested negative for COVID-19. Plaintiff's complaint does not specifically allege that defendant Vovkulin disclosed plaintiff's medical information to other inmates on any other date.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

1  2006). Although prison conditions may be restrictive and harsh, prison officials must provide
2  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v.
3  Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials
4  have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v.
5  Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates
6  from attacks by other inmates may rise to the level of an Eighth Amendment violation where
7  prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g.,
8  Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

9  To establish a violation of this duty, the prisoner must establish that prison officials were
10 "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The
11 question under the Eighth Amendment is whether prison officials, acting with deliberate
12 indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future
13 health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has
14 explained that "deliberate indifference entails something more than mere negligence...[but]
15 something less than acts or omissions for the very purpose of causing harm or with the knowledge
16 that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference"
17 standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is
18 aware." Id. at 836-37.

19 The deliberate indifference standard involves both an objective and a subjective prong.
20 First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834.
21 Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate
22 health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).
23 To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in
24 fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S.
25 at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

26 Plaintiff has not pled sufficient facts demonstrating that he faced a serious risk of harm
27 based on the disclosure of his negative COVID-19 test. Plaintiff's claim that he became a target
28 for rape by other inmates based on the disclosure of his negative COVID-19 test is conclusory

and unsupported.  Plaintiff does not allege, for example, that other inmates were raped based on the disclosure of their negative COVID-19 tests.  In addition, plaintiff has not pled sufficient facts demonstrating that defendant Vovkulin knew of the risk of harm to plaintiff allegedly caused by the disclosure of his negative COVID-19 test.  Because plaintiff has failed to plead sufficient facts in support of the subjective and objective prong of the deliberate indifference standard, plaintiff's Eighth Amendment claim is dismissed.

Plaintiff alleges that defendant Covello violated his Fourteenth Amendment right to equal protection by failing to adequately supervise defendant Vovkulin.  The grounds of plaintiff's Equal Protection against defendant Covello claim are unclear.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff's complaint contains no allegations regarding race discrimination.  Accordingly, plaintiff's Equal Protection claim is dismissed.

Plaintiff is informed that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009).  To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks,

and alterations omitted).

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 1, 2021

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cuen252.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CUENTAS,<br><br>              Plaintiff,<br><br>   v.<br><br>P. COVELLO, et al.,<br><br>             Defendant. | No.  2: 21-cv-0252 KJN P<br><br>NOTICE OF AMENDMENT |

      Plaintiff hereby submits the following document in compliance with the court's order filed_____.

      _____                Amended Complaint

DATED:

                                                       _____
                                                       Plaintiff