UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CUENTAS, | No. 2: 21-cv-0252 KJN P |
| Plaintiff, | |
| v. | ORDER |
| P. COVELLO, et al., | |
| Defendants. | |

I.      Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 1, 2021, the undersigned dismissed plaintiff's original complaint with leave to amend. (ECF No. 4.) Pending before the court is plaintiff's amended complaint. (ECF No. 8.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

II.      Amended Complaint

At the outset, the undersigned observes that the allegations in the amended complaint are very similar to the allegations in the original complaint.

The amended complaint again names Warden Covello and Correctional Officer Vovkulin as defendants. (Id.) Plaintiff alleges that on August 25, 2020, defendant Vovkulin gave to inmate Hein plaintiff's "sensitive medical records and legal mail and mail." (Id. at 2.) Plaintiff alleges

that his (i.e., plaintiff's) "medical results" of "HIV, Hep-C, etc.," are protected by law. (Id.) Plaintiff alleges that the disclosure of his confidential medical information to other inmates by defendant Vovkulin exposes plaintiff to attacks by other inmates. (Id.) Plaintiff alleges that his claim concerns not only disclosure of the results of his COVID-19 test but numerous tests. (Id. at 4.)

In support of his claim that disclosure of his confidential medical records created a risk of harm, plaintiff alleges that Mule Creek State Prison ("MCSP") is a transgender-friendly and gay-friendly facility. (Id.) Based on these circumstances, plaintiff alleges that there are many predators at MCSP. (Id.) Plaintiff alleges that inmates get raped at MCSP and defendant Vovkulin is advertising and facilitating "such conduct against me." (Id.) Plaintiff alleges "my life was passed out to other inmates. Prisoners [do] get raped when predators know you tested negative for numerous diseases in this type of prison…" (Id. at 5.)

Plaintiff alleges that defendant Covello violated plaintiff's Fourteenth Amendment right to equal protection by failing to implement proper training of officers. (Id. at 6.) Plaintiff alleges that defendant Covello knows that officers like defendant Vovkulin tend to act against the rights of Hispanics. (Id.) Plaintiff also claims that if defendant Covello had addressed the complaints against defendant Vovkulin, defendant Vovkulin would not have been able to put plaintiff's life in danger. (Id. at 7.)

Plaintiff also alleges that from August 2020 to the present, defendants subjected plaintiff to hostility and abuse in apparent retaliation for plaintiff's complaint. (Id. at 8.) Plaintiff alleges that the retaliation included cell searches, "submitting my mail period to all inmates after the fact," and placing plaintiff on a higher level for six months. (Id.)

The undersigned finds that the amended complaint raises the following legal claims: violation of the Health Insurance Portability Protection Act of 1996 ("HIPPA"); violation of the Eighth Amendment; and a retaliation claim.

////

////

////

III. <u>Discussion</u>

    A. <u>HIPPA</u>

A private cause of action does not exist under HIPPA. <u>United States v. Streich</u>, 560 F.3d 926, 935 (9th Cir. 2009). Accordingly, plaintiff's HIPPA claim is dismissed.

    B. <u>Eighth Amendment</u>

*Legal Standard*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., <u>Farmer</u>, 511 U.S. at 847; <u>Hearns</u>, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." <u>Farmer</u>, 511 U.S. at 834. The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

*Discussion*

Plaintiff alleges that defendant Vovkulin disclosed to other inmates the results of plaintiff's negative COVID-19 test as well as the results of other medical tests, including HIV and

Hepatitis C.  For the following reasons, the undersigned finds that plaintiff has not pled sufficient facts demonstrating that defendant Vovkulin disclosed the results of plaintiff's medical tests, other than COVID-19, to other inmates.

Attached to the amended complaint is a form dated August 18, 2020 stating that plaintiff tested negative for COVID-19.  (ECF No. 8 at 13.)  Also attached to the amended complaint is a Health Care Services Request Form signed by plaintiff on August 27, 2020.  (Id. at 12.)  In this form, plaintiff wrote,

> I am stressing out because inmates are passing out my personal medical mail this happened on August 25, 2020 and I don't know if I had other medical papers?  I have personal test results coming and now I don't know.  I am worried and can't sleep!

(Id.)

For the following reasons, the undersigned finds that plaintiff's August 27, 2020 Health Care Services Request Form does not support plaintiff's claim that defendant Vovkulin allowed inmates to pass out any medical test results other than plaintiff's COVID-19 test results.  Plaintiff apparently submitted this form after inmate Heins allegedly gave plaintiff the August 18, 2020 form containing the results of plaintiff's COVID-19 test.  In the August 27, 2020 form, plaintiff does not specifically reference any other medical test results passed out by inmates.  In the August 27, 2020 form, plaintiff expresses concern that his medical test results may be passed out by other inmates in the future.

Plaintiff's amended complaint contains no specific allegations supporting his claim that defendant Vovkulin allowed inmates to pass out the results of plaintiff's other medical tests, such as HIV or hepatitis C.  For example, plaintiff does not allege when other inmates passed out the results of these other tests.

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff's claim that defendant Vovkulin allowed inmates to pass out the results of his medical tests, other than COVID-19, is too vague and conclusory to

raise a right to relief above the speculative level.  Accordingly, this claim is dismissed.

Turning to plaintiff's claim concerning defendant Vovkulin's alleged disclosure of the results of his COVID-19 test to other inmates, plaintiff alleges that he (plaintiff) became a target for sexual assault by other inmates who knew that he tested negative for COVID-19.  In support of this claim, plaintiff alleges that many gay and transgender "predator" inmates are housed at MCSP.  The undersigned finds that these allegations do not adequately demonstrate that plaintiff suffered a serious risk of harm based on the disclosure of his negative COVID-19 test to other inmates.  As stated in the March 1, 2021 order addressing the original complaint, plaintiff does not allege that other inmates were sexually assaulted based on the disclosure of their negative COVID-19 test.  Plaintiff does not allege that he, himself, was assaulted or threatened with assault based on the disclosure of the results of his COVID-19 test.  Plaintiff's claim that the disclosure of the results of his COVID-19 test to other inmates created a risk of harm, as pled, is speculative.

In addition, the undersigned again finds that plaintiff has not plead sufficient facts demonstrating that defendant Vovkulin knew of the risk of harm allegedly caused to plaintiff by the disclosure of his negative COVID-19 test to other inmates.  Because plaintiff has failed to plead sufficient facts in support of the subjective and objective prong of the deliberate indifference standard, plaintiff's Eighth Amendment claim against defendant Vovkulin based on the disclosure of plaintiff's negative COVID-19 test to other inmates is dismissed.

C. Equal Protection

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff alleges that defendant Covello knows that officers like defendant Vovkulin have a "tendency to act against Hispanic rights."  (ECF No. 8 at 6.)  Plaintiff alleges that defendant Covello knew that defendant Vovkulin "has acted racially against minorities and he has received complaints of him."  (Id.)  Plaintiff alleges that he (plaintiff) has personally seen defendant Vovkulin "act racially against" blacks and Hispanics.  (Id.)

////

Plaintiff apparently claims that defendant Vovkulin was motivated by racial discrimination when he allowed inmate Heins to pass out the results of plaintiff's COVID-19 test. However, plaintiff's claim that defendant Vovkulin acted with discriminatory intent is vague and conclusory. Plaintiff's conclusory allegation that he witnessed defendant Vovkulin discriminate against Black and Hispanic inmates and that defendant Covello knew that defendant Vovkulin discriminated against minorities are not sufficient to demonstrate that defendant Vovkulin was motivated by racial discrimination when he allegedly allowed inmate Heins to pass out the results of plaintiff's COVID-19 test. Accordingly, plaintiff's equal protection claim is dismissed.

D. Retaliation

*Legal Standard*

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

*Discussion*

Plaintiff alleges that since August 2020, defendants retaliated against plaintiff for his "complaint" by searching his cell, "submitting" plaintiff's mail to inmates and by placing plaintiff in a higher level 4. By "complaint," plaintiff apparently refers to the August 27, 2020 Health Care Services Request Form and/or the grievance he filed regarding this issue.

Plaintiff does not allege when the alleged retaliatory acts occurred or by which defendant they were committed. Plaintiff also does not explain why he believes the alleged adverse action was motivated by retaliation. Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable retaliation claim. Accordingly, plaintiff's retaliation claim is dismissed with leave to amend because the undersigned cannot determine whether plaintiff has stated a potentially colorable retaliation claim.

////

////

E.   <u>Defendant Covello</u>

Plaintiff alleges that defendant Covello is liable for defendant Vovkulin's disclosure of the results of plaintiff's medical tests to other inmates because defendant Covello failed to implement proper training of his officers.  (ECF No. 8 at 6.)

As stated in the March 1, 2020 order screening the original complaint, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009).  To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation."  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

Plaintiff's claim that defendant Covello violated plaintiff's constitutional rights by failing to adequately train defendant Vovkulin is dismissed because plaintiff has not stated a potentially colorable claim against defendant Vovkulin.  In addition, plaintiff's claim that defendant Covello failed to adequately train defendant Vovkulin is vague and conclusory.  Plaintiff does not plead sufficient facts showing that inadequate training by defendant Covello led to any alleged deprivation.

In the amended complaint plaintiff also alleges that defendant Vovkulin received proper training concerning "…sensitive medical records."  (ECF No. 8 at 2.)  Plaintiff alleges that,

7

"[a]ny improper action other than this training is given, is done with intentional sufficient deliverance." (Id.)  While this claim is not entirely clear, it appears that plaintiff is alleging that defendant Vovkulin disregarded his training when he allowed inmate Heins to deliver the results of plaintiff's COVID-19 test.  This claim contradicts plaintiff's claim that inadequate training by defendant Covello led to the alleged deprivation.

For the reasons discussed above, plaintiff's "failure to train" claim against defendant Covello is dismissed.

Conclusion

Plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint.  If the second amended complaint fails to cure the pleading defects discussed above, or otherwise fails to state a potentially colorable claim for relief, the undersigned will recommend dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

Dated:  September 27, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cuen252.56